# Ruth and wife *against* Kutz.

A general verdict for the plaintiff in an action of slander is bad, when it is upon a declaration containing two counts, in one of which the words laid to have been spoken are actionable, and in the other not actionable.

Such a verdict having been rendered in the circuit court, and a judgment upon the faultless count, the court *in bank* set aside the verdict and judgment, and directed *a venire de novo* to issue.

APPEAL from the circuit court of *Northumberland* county.

This was an action of slander by *Peter Ruth* and wife against *Peter Kutz*, in which the declaration contained two counts, laying these words, with the proper inuendoes, to have been spoken : " that Mrs *Ruth* one evening came to his bedside in her shift tail, and told him she thought she heard some one knock below, and if one of his boys had not coughed, he did not know what would have happened." And in the second count these words: " that *Peter Smith* kept house with a whore, and he could prove that the daughter they had was not *Ruth's* child. *Christian Dunkle* is her father, but she laid it to *Ruth,* and that *Ruth* married her ; and he would be damned if he could not prove all that." The jury found a verdict for the plaintiff for 2000 dollars damages ; and the court directed, upon a motion in arrest of judgment having been made, that judgment should be entered upon the second count. The defendant appealed, and that motion was insisted upon in the court in bank, and argued by

*Greenough,* for appellant, who cited, 1 *Bin.* 587 ; *Tid. Prac.* 831 ; *Doug.* 378 ; 4 *Yeates* 442 ; 5 *Johns. Rep.* 476 ; 3 *Wils.* 177.

*Daniel* and *Hepburn,* contra, cited, 1 *Bin.* 393 ; 5 *Serg. & Rawle* 321 ; 2 *Johns. Rep.* 283.

The opinion of the Court was delivered by

GIBSON, C. J.—One of the counts is incurably bad ; the words contained in it impute acts which evince a libidinous temperament, but do not constitute an indictable offence. The defect was discovered too late to have it rectified ; evidence having been given, and the verdict recorded on all the counts ; consequently the rendition of the judgment on the good counts only, is not to be sustained. The question, therefore, is, whether the judgment is to be set aside and finally arrested, in which event the plaintiffs would have to begin again ; or only suspended, in order to give them an opportunity to have damages assessed on the good counts by means of a *venire facias de novo.* Formerly judgment was said to be arrested when it was but

3 M

[Ruth and wife v. Kutz.]

suspended for extrinsic causes, by setting aside the verdict or grant-ing a new trial; but the term is more recently applied with greater accuracy to the perpetual stay occasioned by a defect in the record. That the judgment may, strictly speaking, be arrested in a case like the present, is unquestionable, for such has been the course of our practice; but that a more beneficial practice may be adopted without impugning our own decisions or the common law, is equally unquestionable. In *Auger* v. *Wilkins*, 1 *Barnes* 337, where entire damages had been assessed for several sets of scandalous words, some of which were not actionable, the plaintiff had a *venire de novo* to sever his damages, according to what was said to be an ancient rule of the court; and the same thing was done in *Smith* v. *Howard*, *Ibid.* 340. *Barnes* is good authority, I believe, for points of practice, though for little beside. But these two cases are taken for law by Sergeant *Williams* in his note to *Hambleton* v. *Vere*, 2 *Saund.* 171, *c*; at least so far as regards the common pleas, to which he seems to consider the rule as peculiar. That it were so, would furnish no objection to it here, as our own practice has been modelled principally on the practice of that court. But it is certain that the *venire de novo* is a common process in every court for the trial of causes, without distinction as to the peculiarities of the forum. (*a*) The authorities for this are arranged in a note to *Davies* v. *Pierce*, 2 *Term Rep.* 126; the clear result of which is, that it is grantable: 1. Where the jury have been improperly chosen, or irregularly returned; 2. Where the jury have misconducted themselves; 3. Where entire damages are given on several counts, including a defective one; 4. Where an imperfect verdict is found; 5. Where a demurrer to evidence is such that the court can not give judgment on it. Each of these positions is for-tified by an array of authorities in the note alluded to, and reinforced by a formidable train in a note to *Johnstone* v. *Sutton*, 1 *Term Rep.* 528. The instances of this process, scattered through the books, show it to have been the ordinary and appropriate remedy for almost every species of mis-trial; and the only doubt in respect to it seems to have been, not whether it could be awarded below, but whether it could be awarded, for any other cause than imperfectness of the verdict, by a court of error. To us who are in the daily practice of awarding it in error, this doubt seems to have been a fastidious one; and perhaps it would at present appear so in Westminster Hall, where, notwithstanding the decision in *Street* v. *Hopkinson*, 2 *Stra.* 1055, that a court of error can not award it at all, the practice has been settled for half a century in accordance with our own. The propriety of this writ, in the cases already indicated, seems to be at length securely settled on the basis of authority; and as to the fit-ness and justice of it, no one can assign a reason why a plaintiff

(*a*) In *Eddows* v. *Hopkins, Doug.* 632, it seems to have been considered also as the rule of the king's bench; and in *Grant* v. *Astle, Doug.* 696, it was held by all the judges of that court to be the proper course on a reversal in error.

[Ruth and wife v. Kutz.]

should be subjected to the vexation and delay of a new action, when his damages may be assessed on the faultless counts in his declaration, with equal or greater advantage to the defendant himself, who would be compelled to bear his own costs, if the judgment were arrested, and the entire costs of a new proceeding in the event of a recovery. Whether a *venire de novo* would be awarded, if all the counts were faulty but in form, it is unnecessary to determine. Perhaps the authorities would not warrant it, though the convenience of it, and the liberality of our practice in matters of amendment, would plead strongly for it. In a case like the present, however, a resort to the practice of the English courts is warranted both by reason and authority, and we feel no hesitation in adopting, or, to speak more plainly, reviving it.

Judgment and verdict set aside and *venire de novo* awarded.